# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAX PROVINO,

    Plaintiff

v.

CAMERON COUNTY, TEXAS, et al.,

    Defendants

Case No.: 3:22-cv-00341-ART-CSD

**Report & Recommendation of United States Magistrate Judge**

Re: ECF Nos. 1, 1-1

    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

    Plaintiff Max Provino has filed this action against Cameron County, Texas, Judge Carlos H. Cascos (of Cameron County, Texas), Texas Governor Greg Abbott, former Texas Governor Rick Perry, Judge Hinjosa (of Cameron County, Texas), Judge Benny Ochoa III (of Cameron County, Texas), Texas State Inspector John Richards, Jeffrey E. Church (a fraud attorney in Austin, Texas), Albert Villegas III (a fraud attorney in Austin, Texas), Laguna Vista, Texas City Manager Raul Garza, Mr. Warman (the Texas governor's fraud counselor in Austin, Texas), Lisa Medrano (a title officer in Texas), and Rob Carter (Texas Commissioner of Title and Mortgage Fraud).

    Plaintiff's allegations concern a pay off of what was owed on real property located at 242 Santa Isabell in Texas.

A civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

There is no indication that any of the Defendants reside in the District of Nevada. Instead, the minimal factual allegations, while confusing and disjointed, concern defendants, property, and events located in Texas. It appears the court lacks personal jurisdiction over the Defendants, and venue is improper here.

This action should be dismissed, and the dismissal should be without prejudice to the extent Plaintiff may file a complaint asserting plausible claims for relief in the correct court, likely in Texas. This action should be administratively closed in the District of Nevada. As such, the pending application to proceed IFP filed by Plaintiff should be denied as moot.

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** and **DENYING** Plaintiff's pending application to proceed IFP (ECF No. 1) as **MOOT**.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: September 15, 2022

                                              Craig S. Denney
                                              United States Magistrate Judge