UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAX PROVINO,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>CAMERON COUNTY, TEXAS, ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-cv-00341-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Max Provino ("Provino") filed this action against Cameron County, Texas, Judge Carlos H. Cascos (of Cameron County, Texas), Texas Governor Greg Abbott, former Texas Governor Rick Perry, Judge Hinjosa (of Cameron County, Texas), Judge Benny Ochoa III (of Cameron County, Texas), Texas State Inspector John Richards, Jeffrey E. Church (a fraud attorney in Austin, Texas), Albert Villegas III (a fraud attorney in Austin, Texas), Laguna Vista, Texas City Manager Raul Garza, Mr. Warman (the Texas governor's fraud counselor in Austin, Texas), Lisa Medrano (a title officer in Texas), and Rob Carter (Texas Commissioner of Title and Mortgage Fraud). Provino has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Provino's allegations concern a payoff of what was owed on real property located at 242 Santa Isabell in Texas.

Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig Denney (ECF No. 3), recommending that this Court dismiss this action without prejudice and deny Provino's application to proceed IFP as moot. The R&R explains that a civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Judge Denney thus recommends dismissal because there is no indication that any of the Defendants reside in the District of Nevada. Instead, the minimal factual allegations, while confusing and disjointed, concern defendants, property, and events located in Texas. It appears the Court lacks personal jurisdiction over the Defendants, and venue is improper here. Judge Denney recommends that this action should be dismissed, and the dismissal should be without prejudice to the extent Provino may file a complaint asserting plausible claims for relief in the correct court, likely in Texas. He further recommends that action should be administratively closed in the District of Nevada and the pending application to proceed IFP filed by Plaintiff should be denied as moot.

Before the Court is also Provino's Motion to Continue with Parity Trial by Jury Based on New Evidence. (ECF No. 4.) That motion, though difficult to understand, appears to argue that Texas has no respect for property owners and discusses the removal of Provino's name from certain property and insurance checks. (*Id.*) The motion does not set forth any objections or arguments or identify any issue in the R&R to which Provino objects. For this reason, and as explained below, the Court adopts the R&R and denies Provino's motion as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the

magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because Provino does not identify any issue to which he objects or explain the basis for any objection, the Court need not conduct de novo review, and is satisfied Magistrate Judge Denney did not clearly err. Provino's motion (ECF No. 4) only confirms that this action has been brought in the wrong district. Though difficult to follow, it attaches various letters concerning defendants, property, and events in Texas. (*Id.*)

Having reviewed the R&R and the record in this case, the Court will adopt the R&R (ECF No. 3) in full and deny Provino's motion (ECF No. 4) as moot.

IT IS THEREFORE ORDERED that Magistrate Judge Denney's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's pending application to proceed IFP (ECF No. 1-1) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue with Parity Trial by Jury Based on New Evidence (ECF No. 4) is DENIED as moot.

IT IS FURTHER ORDERED that this case be administratively closed.

DATED THIS 14th Day of October 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE